IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEATHER INSIGHTS, LLC, a Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AEBI SCHMIDT INTERNATIONAL AG,<br><br>Defendant. | Case No. 15 CV 3016<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>JUDGE SWAIN<br><br>RECEIVED APR 17 2015 U.S.D.C. S.D.N.Y. |

**PLAINTIFF WEATHER INSIGHTS, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff Weather Insights, LLC ("Weather Insights" or "Plaintiff") by and for its Complaint against defendant AEBI Schmidt International AG ("AEBI" or "Defendant") hereby alleges as follows:

## NATURE OF THE CASE

1.  This is an action for patent infringement arising under the patent laws of the United States. Weather Insights holds the rights in U.S. Patent Nos. 7,683,804 ("the '804 patent") and 8,044,823 ("the '823 patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '804 Patent and the '823 Patent are entitled to a presumption of validity. Weather Insights is suing Defendant for infringing its patents, and doing so willfully. Weather Insights seeks to recover damages from Defendant, including treble damages for willful infringement.

## THE PARTIES

2. Weather Insights is a limited liability company, organized and existing under the laws of the State of Ohio, with its principal place of business located at 3558 Lee Road, Shaker Heights, Ohio 44122.

3. Upon information and belief, Defendant AEBI Schmidt International AG is a company organized and existing under the laws of Switzerland, with its principal place of business located at Thurgauerstrasse 40, Airgate, CH – 8050 Zürich, Switzerland. AEBI Schmidt International AG has an office in the United States located at 8595 Pelham Road, Suite 400 Number 148, Greenville, South Carolina 29615.

4. Upon information and belief, Defendant has engaged in the design, manufacture, marketing and sale of one or more AEBI-branded mobile data tracking devices which infringe the '804 patent, including but not limited to the AEBI Schmidt Smart WinterCare Concept (collectively the "Accused Products").

5. Upon information and belief, Defendant has engaged in the design, manufacture, marketing and sale of one or more AEBI-branded mobile data tracking devices which infringe the '823 patent, including but not limited to the AEBI Schmidt Thermologic and Autologic Spreading Systems (collectively the "Accused Products").

## JURISDICTION

6. This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq.* Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

7. The Court has personal jurisdiction over Defendant because Defendant, among other things, conducts business in, and avails itself of the laws of, the State of New York. In

addition, upon information and belief, Defendant through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this District.

8. Upon information and belief, Defendant directly or through its subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets and, at all relevant time has made, used, offered for sale, sold, imported, advertised and made available and/or marketed products within the Southern District of New York, through its website: www.aebi-schmidt.com, thereby infringing the '804 and '823 patents.

## VENUE

9. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

10. Upon information and belief, Defendant resides in this District for the purposes of venue, insofar as it is subject to the personal jurisdiction in this District, has committed acts of infringement in this District, solicits business in this District, and conducts other business in this District.

## INFRINGEMENT OF U.S. PATENT NO. 7,683,804

11. Weather Insights incorporates by reference the allegations set forth in the preceding paragraphs.

12. On March 23, 2010, the '804 patent, entitled "Methods for Determining Need for Treating a Vehicle Travel Surface," was duly and lawfully issued based upon an application filed by the inventors, John A. Doherty and Charles A. Kalbfleisch. A true and correct copy of the '804 Patent is attached hereto as Exhibit 1.

13. Weather Insights is the assignee and the owner of all right, title and interest in and to the '804 patent, and has the right to sue and recover damages for infringement thereof.

14. Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Southern District of New York specifically. The Accused Products are available at www.aebi-schmidt.com.

15. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 2 of the '804 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '804 patent and is thus liable to Weather Insights pursuant to 35 U.S.C. § 271.

16. Defendant has indirectly infringed and continues to infringe at least claim 2 of the '804 patent by inducement under 35 U.S.C. 271(b) and contributory infringement under 35 U.S.C. 271(c). Defendant has induced and continues to induce users of the accused products to directly infringe at least claim 2 of the '804 patent.

17. Defendant has infringed, and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of one or more claims of the '804 patent, including at least claim 2, either literally or under the doctrine of equivalents, by making,

COMPLAINT FOR PATENT INFRINGEMENT

using, selling, and/or offering for sale within the United States and/or importing into the United States the AEBI Schmidt Smart WinterCare Concept systems. Defendant has actual knowledge of the '804 patent at least as of the date of filing of this complaint. Defendant actively induces and contributes to the infringement of others, including purchasers who deploy the accused products in their vehicles, to directly infringe one or more claims of the '804 patent. Specifically, in light of the above, Defendant knowingly induces infringement of the '804 patent with specific intent to do so including by providing at least manuals, white papers, training, and/or other support to purchasers to perform acts intended by Defendant to cause direct infringement of one or more claims of the '804 patent. Additionally, the accused products were especially designed, made, and/or adapted for use in an infringing manner. The accused products, including without limitation Defendant's AEBI Schmidt Smart WinterCare Concept system, embody either the claimed inventions on their own or are material, non-staple components of end-use products that embody the claimed inventions, which components have no substantial non-infringing uses.

18. Defendant's infringement of the '804 patent is without consent of, authority of, or license from Weather Insights.

19. Upon information and belief, Defendant's infringement of the '804 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling Weather Insights to its attorneys' fees and expenses.

20. As a result of Defendant's acts of infringement, Weather Insights has suffered and will continue to suffer damages in an amount to be proven at trial.

### INFRINGEMENT OF U.S. PATENT NO. 8,044,823

21. Weather Insights incorporates by reference the allegations set forth in the preceding paragraphs.

22. On October 25, 2011, the '823 patent, entitled "Systems and Method for Monitoring and Controlling a Vehicle Travel Surface," was duly and lawfully issued based upon an application filed by the inventors, John A. Doherty and Charles A. Kalbfleisch. A true and correct copy of the '823 Patent is attached hereto as Exhibit 2.

23. Weather Insights is the assignee and the owner of all right, title and interest in and to the '823 patent, and has the right to sue and recover damages for infringement thereof.

24. Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Southern District of New York specifically. The Accused Products are available www.aebi-schmidt.com.

25. Upon information and belief, Defendant has actively and knowingly induced infringement and is continuing to induce infringement of the '823 patent by, without limitation, engaging in acts including the encouragement, instructing, directing and/or advising of third parties as how to infringe the '823 patent via the unauthorized copying and/or making and/or using and/or selling and/or offering to sell within the United States, during the term of the patent, products and/or services that embody the patented invention/design described and claims in the '823 patent and is thus liable to Weather Insights pursuant to 35 U.S.C. § 271.

26. Defendant has indirectly infringed and continues to infringe at least claim 7 of the '823 patent by inducement under 35 U.S.C. 271(b) and contributory infringement under 35 U.S.C. 271(c). Defendant has induced and continues to induce users and retailers of the accused products to directly infringe at least claim 7 of the '823 patent.

27. Defendant has infringed, and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and

continues to actively and knowingly induce the infringement of one or more claims of the '823 patent, including at least claim 7, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States the AEBI Schmidt Autologic and Thermologic Spreading Systems. Defendant has actual knowledge of the '823 patent at least as of the date of filing of this complaint. Defendant actively induces and contributes to the infringement of others, including purchasers who deploy the accused products in their vehicles, to directly infringe one or more claims of the '823 patent. Specifically, in light of the above, Defendant knowingly induces infringement of the '823 patent with specific intent to do so including by providing at least manuals, white papers, training, and/or other support to purchasers to perform acts intended by Defendant to cause direct infringement of one or more claims of the '823 patent. Additionally, the accused products were especially designed, made, and/or adapted for use in an infringing manner. The accused products, including without limitation Defendant's AEBI Schmidt Autologic and Thermologic Spreading Systems, embody either the claimed inventions on their own or are material, non-staple components of end-use products that embody the claimed inventions, which components have no substantial non-infringing uses.

28. Defendant's infringement of the '823 patent is without consent of, authority of, or license from Weather Insights.

29. Upon information and belief, Defendant's infringement of the '823 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling Weather Insights to its attorneys' fees and expenses.

30. As a result of Defendant's acts of infringement, Weather Insights has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Weather Insights requests this Court enter judgment as follows:

A. That the '804 and '823 patents are valid and enforceable;

B. That Defendant has directly and indirectly infringed at least claim 2 of the '804 patent and has indirectly infringed at least claim 7 of the '823 patent;

C. That such infringement is willful;

D. That Defendant accounts for and pays to Weather Insights all damages pursuant to 35 U.S.C. § 284 to adequately compensate Weather Insights for Defendant's infringement of the '804 and '823 patents, but in no event less than a reasonable royalty for the use made by Defendant of the invention set forth in the '804 and '823 patents;

E. That Weather Insights receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F. That this is an exceptional case under 35 U.S.C. § 285;

G. That Defendant pays Weather Insights all of Weather Insights' reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

H. That Weather Insights be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendant's infringement of the '804 and '823 patents, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

I. That costs be awarded in accordance with 35 U.S.C. § 284 to Weather Insights; and

J. That Weather Insights be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Weather Insights hereby demands a trial by jury on all issues so triable in this action.

Dated: April 17, 2015

KROUB, SILBERSHER & KOLMYKOV PLLC

By: _____
Gaston Kroub (GK6970)
gkroub@kskiplaw.com
Sergey Kolmykov (SK7790)
skolmykov@kskiplaw.com
Zachary Silbersher (ZS4391)
zsilbersher@kskiplaw.com

305 Broadway, 7th Floor
New York, NY 10007
Telephone No.: (212) 323-7442

*ATTORNEYS FOR PLAINTIFF WEATHER INSIGHTS, LLC.*